# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS BAILEY,** | : | CIVIL NO. 3:14-CV-1776 |
| Plaintiff, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **RELIGIOUS ACCOMMODATION COMMITTEE, et al.,** | : | |
| Defendants. | : | |

# MEMORANDUM ORDER[1]

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case, which comes before us for further consideration of a motion to stay and a motion to sever, (Docs. 10 and 12.) presents a cautionary tale regarding the perils of multi-plaintiff *pro se* inmate litigation. This case began its life as Bailey v. Wetzel, 3:13-CV-2680, a lawsuit purportedly brought by inmate Bailey, a fellow prisoner, Jeffrey Turner, and others alleging violations of inmates' federal constitutional rights under the First and Fourteenth Amendments, as well as a violation

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

of his religious rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 3000cc *et seq.*

This underlying litigation was marked by confusion, with inmate plaintiff, Jeffrey Turner, claiming that he was initially named as a plaintiff in this lawsuit, "without his knowledge, consent and requisite signature." In an effort to create order out of this chaos stemming from Bailey's initial filings this court has permitted inmates Bailey and Turner to pursue separate complaints, and ordered an amended complaint filed by Bailey in <u>Bailey v. Wetzel</u>,3:13-CV-2680 to be lodged as an initial complaint in this case. Unfortunately Bailey's complaint conflates claims, parties and issues in a way which defies easy understanding or description. (Doc. 1.) Indeed, in our view, a number of these claims may be subject to summary dismissal. The confusing nature of the claims now being articulated by Bailey, in turn, led the defendants to seek a stay of proceedings, and to sever claims and parties. (Docs 10 and 12.)

We believe that all parties and the court would benefit from a more comprehensible and orderly presentation of these claims. Accordingly, IT IS ORDERED that the motion to stay (Doc. 10.), is GRANTED, in part, as follows:

Proceedings in this case are STAYED until **October 12, 2015**, and the plaintiff is directed to file a single comprehensive amended complaint in this case embracing

all claims that he wishes to pursue both in this litigation, as well as claims he formerly sought to pursue in Bailey v. Wetzel, 3:13-CV-2680. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature

of the relief sought.  *Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants*.  The court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the court to determine its legal sufficiency.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  The plaintiff shall file this amended complaint on or before **October 12, 2015.**

The defendants' motion to sever (Doc. 12.), is DISMISSED without prejudice to renewal upon receipt of a single updated comprehensive amended complaint from Bailey.  If Bailey declines to file such an amended complaint, we will then entertain a request to reinstate this motion to sever, and we will conduct a screening review of his claims as stated in this complaint.

So ordered this 11th day of September 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
